# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| GINEGAR LLC, *Plaintiff*, v. SLACK TECHNOLOGIES, INC., *Defendant*. | Case No. 1:21-cv-00494 **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ginegar LLC ("Ginegar"), by and through the undersigned counsel, brings this action against Defendant Slack Technologies, Inc. ("Slack Technologies"), alleging as follows:

### I.   INTRODUCTION

1. This is an action by Ginegar against Slack Technologies for infringement of U.S. Patent Numbers 9,367,521 (the "'521 Patent") and 9,760,865 (the "'865 Patent"), collectively referred to as "the Patents-in-Suit."

### II.   THE PARTIES

2. Plaintiff Ginegar is a California corporation with its current principal place of business at 2160 Century Park East #707, Los Angeles, California 90067 and mailing address at 777 Brickell Ave #500-96031, Miami, FL 33131. Ginegar is the assignee and owner of the Patents-in-Suit.

3. Upon information and belief, Defendant Slack Technologies, Inc. is a Delaware corporation with its principal place of business at 500 Howard Street, San Francisco, California 94105.

### III. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Slack Technologies because Slack Technologies has a place of business in this District and because it continuously and systematically conducts business in this District, including the development, use and sale of the products and/or services at issue in this suit.

7. Venue is proper in the District of Colorado under 28 U.S.C. §§ 1391(b) and 1400(b) because Slack Technologies has a place of business in this District at 1681 Chestnut Pl., Suite 700, Denver, Colorado 80202 and because a substantial part of the events and omissions giving rise to the claims at issue occurred here, including the use or sale of the infringing products.

### IV. FACTUAL BACKGROUND

**The '521 Patent**

8. The '521 Patent, entitled "Content and Context Based Handling of Instant Messages," was issued by the United States Patent and Trademark Office on June 14, 2016. A true and correct copy of the '521 Patent is attached as Exhibit A.

9. Ginegar is the owner of the entire right, title and interest in and to the '521 Patent.

10. Among other things, the '521 Patent claims a method of processing instant messages.

11. The method comprises logging an instant message client into an instant message server, obtaining from the instant message server at least one handling rule that is evaluated in an instant messaging environment where each established handling rule defines a condition based upon at least one of identified content or identified context, and a corresponding event handling action which is performed within the instant message environment.

**The '865 Patent**

12. The '865 Patent, entitled "Multi-Modal Transcript Unification in a Collaborative Environment," was issued by the United States Patent and Trademark Office on September 12, 2017. A true and correct copy of the '865 Patent is attached as Exhibit B.

13. Ginegar is the owner of the entire right, title and interest in and to the '865 Patent.

14. The inventions disclosed in the '865 Patent relate to systems and methods for a multi-modal instant messaging session where a user converses with another user by providing a combination of text and audio messages in the chat session.

15. Further, the systems and methods disclosed in the '865 patent automatically log a chat transcript that contains multi-modal communication.

16. At the time of the invention, prior art taught the use of instant messaging systems that allowed users to converse with each other in real time.

17. However, the prior art instant messaging systems did not allow users to converse with each other using multi-modal communication. Users could not chat with each other by providing a combination text and audio messages in the chat session.

18. Further, the prior art systems did not automatically log a unified chat transcript that contained multi-modal communication, such as text and audio in one chat session.

19. This presented serious shortcomings, particularly given the proliferation of instant messaging systems among both businesses and individuals.

20. The invention of the '865 Patent provides systems and methods that allow users to converse with each other using multi-modal communication and that automatically log a chat transcript that contained multi-modal communication, such as text and audio in one chat session.

**The Slack Communication Platform**

21. Slack Technologies has developed, has sold and continues to sell and offer for sale the Slack communication platform ("Slack").

22. Slack is a proprietary business communication platform that offers many features, including persistent chart rooms (referred to as "channels") organized by topic, private groups, and direct messaging.

23. Slack Technologies markets Slack as a unified business communications platform that allows users to "make calls, share files, and even connect with other apps."

24. Slack Technologies claims that "[o]ver 750,000 companies use Slack."

## CLAIM I
## (INFRINGEMENT OF THE '521 PATENT)

25. Ginegar repeats and realleges the allegations of paragraphs 1-24 as if fully set forth herein.

26. The '521 Patent is valid and enforceable.

27. Slack Technologies has infringed and continues to infringe, both directly and indirectly, at least claim 1 of the '521 Patent, either literally or under the doctrine of equivalents.

28. Claim 1 of the '521 Patent recites:

> A method of processing instant message transactions comprising:
>
> [1] logging a first instant message client into an instant message server;
>
> [2] obtaining from the instant message server, at least one handling rule that is evaluated in an instant messaging environment in response to receipt of a message, each handling rule defining a condition based upon at least one of identified content or identified context, and a corresponding event handling action to be performed within the instant message environment;
>
> [3] identifying an instant message conversation within the instant message environment between a user and a correspondent;
>
> [4] evaluating each handling rule;
>
> [5] performing the corresponding event handling action of an associated handling rule if it is determined that the condition of that handling rule is satisfied; and
>
> [6] conveying to the user participating in the instant message conversation, an indication that the corresponding event handling action was performed.

29. Slack directly infringes at least claim 1 of the '521 Patent.

30. Regarding the preamble of claim 1, to the extent the preamble is determined to be limiting, use of Slack meets this limitation. Slack processes received messages in instant messaging sessions and notifies the recipient if the content of a message complies to a condition set by the user.

> When you first join a workspace, Slack will notify you of messages that are for you. By default, here's when you'll receive notifications:
>
> ✓ You receive a direct message (DM)
> ✓ Someone @mentions you or notifies a channel that you're in
> ✓ Someone uses one of your keywords
> ✓ Someone replies to a thread that you're following
> ✓ You receive a reminder from Slackbot

*See, e.g.,* Exhibit C (https://slack.com/help/articles/201355156-Guide-to-desktop-notifications, last accessed on February 10, 2021).

31. Slack also preforms the first listed step of claim 1. The Slack desktop or smartphone software connects to a messenger server in order to function.



*See, e.g.*, Exhibit D, (Presentation by Keith Adams, Chief Architect at slack. Available at: https://www.infoq.com/presentations/slack-infrastructure/, last accessed on February 10, 2021).

32. Slack also preforms the second listed step of claim 1. Handling rules are stored on a message server and are obtained by downloading to the user device.



*See, e.g.,* Exhibit E (https://aws.amazon.com/solutions/case-studies/slack/, last accessed on February 10, 2021).


Synchronized apps: Whatever you do on one device is reflected everywhere — our Slack apps keep your place, letting you pick up wherever you left off. Pretty neat!

*See, e.g.,* Exhibit F (https://slack.com/help/articles/360002034727-Getting-started-for-guests, last accessed on February 10, 2021).

33. The handling rules are stored and synced by the Slack server. The content of received messages are evaluated against these rules.

When you first join a workspace, Slack will notify you of messages that are for you. By default, here's when you'll receive notifications:
- You receive a direct message (DM)
- Someone @mentions you or notifies a channel that you're in
- Someone uses one of your keywords
- Someone replies to a thread that you're following

*See, e.g.,* Exhibit C (https://slack.com/help/articles/201355156-Guide-to-desktop-notifications, last accessed on February 10, 2021).

34. Slack uses each handling rule to define a condition based on at least one of identified content or context. For example, the Slack software will highlight content in response to a username or specific keywords.


commissions
David 9:19 AM
@alicia, your commision for last month is approved!





*See, e.g.,* https://www.youtube.com/watch?v=cfkX8oTalDg, last accessed on February 10, 2021.

35. Slack performs a corresponding event handling action within the instant message environment, for example, highlighting a username.

36. Slack also performs the third listed step of claim 1. Slack identifies an instant message conversation within the instant message environment between a user and a correspondent.



> Bring your company together with a virtual office where everyone can communicate. Group team chat keeps colleagues from across different locations in sync and included in team or project discussions.

*See, e.g.*, Exhibit G (https://slack.com/team-chat, last accessed on February 10, 2021).

37. Slack also performs the Fourth listed step of Claim 1. Slack evaluates each handling rule by checking the content of the message. For example, the Slack software checks the message for user mentions.

> **View your mentions**
>
> When someone mentions you in a conversation, your name will be highlighted in yellow to help you spot anything that needs your attention. You can also view a summary of recent mentions of your name, along with any of your keyword notifications, using the steps below.

*See, e.g.*, Exhibit H (https://slack.com/help/articles/205240127-Use-mentions-in-Slack, last accessed on February 10, 2021).

38. Slack also performs the fifth listed step of Claim 1. Slack performs the corresponding event handling action of an associated handling rule if it is determined that the condition of that handling rule is satisfied, for example highlighting key words if they are present in a message.

#listings-newspaper


David  7:59 AM
@courtney I do! Didn't think we'd be doing the open house for the Kimball street apartment quite yet, but it looks like we're ready early.



*See, e.g.*, https://www.youtube.com/watch?v=cfkX8oTalDg, last accessed on February 10, 2021.

39. Finally, Slack also performs the sixth listed step of Claim 1. Slack conveys to the user, who is participating in the instant message conversation, an indication that the corresponding event handling action was performed, for example notifying the user with a pop-up notification.



*See, e.g.,* https://www.youtube.com/watch?v=cfkX8oTalDg, last accessed on February 10, 2021.

40. In violation of 35 U.S.C. § 271(a), Slack Technologies has directly infringed the '521 Patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, without license or authority, Slack.

41. In violation of 35 U.S.C. § 371(b), Slack Technologies has also indirectly infringed the '521 Patent by actively inducing infringement of the '521 Patent by users of Slack, knowing

that their use of Slack would and has directly infringed, either literally or under the doctrine of equivalents, the '521 Patent.

42. In violation of 35 U.S.C. § 371(c), Slack Technologies has also indirectly infringed the '521 Patent by offering to sell or license and/or selling or licensing with the United States Slack for use in practicing one or more of the methods claimed in the '521 Patent, knowing that use of Slack by users would directly infringe, either literally or under the doctrine of equivalents, the '521 Patent.

43. Upon information and belief, Slack Technologies has had notice of the '521 Patent at least as of the date of service of this Complaint.

44. As a result of Slack Technologies' infringement of the '521 Patent, Ginegar has suffered and continues to suffer substantial injury and is entitled to recover all damages caused by Slack Technologies' infringement to the fullest extent permitted by the Patent Act, together with prejudgment interest and costs for Slack Technologies' wrongful conduct.

## CLAIM II
## (INFRINGEMENT OF THE '865 PATENT)

45. Ginegar repeats and realleges the allegations of paragraphs 1-44 as if fully set forth herein.

46. The '865 Patent is valid and enforceable.

47. Slack has infringed and continues to infringe, both directly and indirectly, at least claim 1 of the '865 Patent, either literally or under the doctrine of equivalents.

48. Claim 1 of the '865 Patent recites:

A method for generating a unified chat transcript for a multi-modal conversation in an instant messaging session, the method comprising:

[1] establishing a single instant messaging session between two conversants;

[2] receiving text messages as part of a conversation between the two conversants, through the single instant messaging session;

[3] embedding in the instant messaging session a voice message received from one of the two conversants;

[4] classifying each one of the embedded voice message and the received text messages by type, the type of message being one of a voice message and a text message;

[5] determining if the one of the voice and text messages is classified as a voice message; and

[6] logging the classified voice and text messages in a single transcript of conversation between the two conversants occurring in the single instant messaging session in response to determining that the one of the received voice and text messages is classified as a voice message.

49. Slack directly infringes at least claim 1 of the '865 Patent.

50. Regarding the preamble of claim 1, to the extent the preamble is determined to be limiting, use of Slack meets this limitation. Slack generates a unified chat transcript for a multi-modal conversation in an instant messaging session.

> On any subscription, workspace owners and admins can export data (messages and file links) from public channels.

> Org owners can request to export data from all channels and conversations in their org, or from all conversations that a single user is part of. If their request is approved, org owners can use the steps below to export data from public channels, private channels and direct messages, or from a single user's conversations.

*See, e.g.,* Exhibit I (https://slack.com/help/articles/201658943-Export-your-workspace-data#enterprise-grid-plan-1, last accessed on February 10, 2021).

51. Slack also performs the first listed step of Claim 1. Slack establishes a single instant messaging system between two conversants.



*See, e.g.*, Exhibit J (https://slack.engineering/how-slack-built-shared-channels/, last accessed on February 10, 2021).



*See, e.g.*, Exhibit K (https://slack.com/, last accessed on February 10, 2021).

52. Slack also performs the second listed step of claim 1. Slack receives text messages as part of a conversation between two conversants through a single instant messaging session.



*See, e.g.,* Exhibit K (https://slack.com/, last accessed on February 10, 2021).

53. Slack also performs the third listed step of Claim 1. Slack embeds voice messages received from one of the two conversants in the instant messaging session.



*See, e.g.*, Exhibit L (https://slack.com/apps/AE79QUZF0-voice-message, last accessed on February 10, 2021).

54.  Slack also performs the fourth listed step of Claim 1.  Slack classifies each embedded voice message and text messages by type and displays a play icon indicating the duration of audio in the voice message.



*See, e.g.*, Exhibit L (https://slack.com/apps/AE79QUZF0-voice-message, last accessed on February 10, 2021).

55.  Slack also performs the fifth listed step of Claim 1.  Slack determines if one of the voice and text messages is classified as a voice message.  Slack indicates the type of file and the duration of the voice message, which classifies the voice message on the basis of its type.

56.



*See, e.g.*, Exhibit L (https://slack.com/apps/AE79QUZF0-voice-message, last accessed on February 10, 2021).

57.  Finally, Slack also performs the sixth listed step of Claim 1.  Slack logs classified voice and text messages in a single transcript of a conversation between the two conversants

occurring the single instant messaging session in response to determining that one of the received voice and text messages is classified as a voice message. The transcript indicates which messages are text messages and which are voice messages.




*See, e.g.,* Exhibit I (https://slack.com/help/articles/201658943-Export-your-workspace-data#enterprise-grid-plan-1, last accessed on February 10, 2021).

58. In violation of 35 U.S.C. § 271(a), Slack Technologies has directly infringed the '865 Patent, either literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, without license or authority, Slack.

59. In violation of 35 U.S.C. § 371(b), Slack Technologies has also indirectly infringed the '865 Patent by actively inducing infringement of the '865 Patent by users of the Slack, knowing

that their use of the Slack would and has directly infringed, either literally or under the doctrine of equivalents, the '865 Patent.

60. In violation of 35 U.S.C. § 371(c), Slack Technologies has also indirectly infringed the '865 Patent by offering to sell or license and/or selling or licensing with the United States Slack, for use in practicing one or more of the methods claimed in the '865 Patent, knowing that use of Slack by users would directly infringe, either literally or under the doctrine of equivalents, the '865 Patent.

61. Upon information and belief, Slack Technologies has had at notice of the '856 Patent at least as of the date of service of this Complaint.

62. As a result of Slack Technologies' infringement of the '856 Patent, Ginegar has suffered and continues to suffer substantial injury and is entitled to recover all damages caused by Slack Technologies' infringement to the fullest extent permitted by the Patent Act, together with prejudgment interest and costs for Slack Technologies' wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Ginegar respectfully requests that this Court enter judgment in its favor and grant the following relief against Slack Technologies:

A. That the Court enter judgment for Ginegar on all causes of actions asserted in this Complaint;

B. That the Court enter judgment in favor of Ginegar and against Slack Technologies for monetary damages to compensate it for Slack Technologies' infringement of the Patents-in-Suit pursuant to 35 U.S.C.§ 284, including costs and prejudgment interest as allowed by law;

C. That the Court enter judgment in favor of Ginegar and against Slack Technologies for accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's entry of final judgment;

D. That the Court enter judgment that this case is exceptional under 35 U.S.C. § 285 and enter an award to Ginegar of its costs and attorneys' fees; and

E. That the Court award Ginegar all further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Ginegar respectfully demands a jury trial on all issues and claims so triable.

Dated:  February 19, 2021  */s/ Jon B. Hyland*
Jon B. Hyland
**Hilgers Graben PLLC**
10000 N. Central Expwy.
Dallas, TX 75231
Tel: (972) 645-3097
Fax: (402) 413-1880
jhyland@hilgersgraben.com

Mark E. Ferguson
Nevin M. Gewertz
**Bartlit Beck LLP**
54 W. Hubbard Street, Suite 300
Chicago, Illinois 60654
Tel.:  312-494-4400
Fax:  312-494-4440
mark.ferguson@bartlitbeck.com
nevin.gewertz@bartlitbeck.com

*Attorney for Plaintiff Ginegar LLC*